FILED

2009 Jul-28  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-CO-245-S |
| | ) | |
| LARRY P. LANGFORD | ) | |
| WILLIAM B. BLOUNT, and | ) | |
| ALBERT W. LAPIERRE | ) | |

### O R D E R

On July 2, 2009, a magistrate judge entered Orders and Recommendations in the above-captioned criminal action which addressed numerous motions filed individually and jointly by the defendants.  (Doc. #108).  The matter is now before the court for consideration of the defendants' joint "Objections & Appeals from the Magistrate Judge's *Order and Recommendations*."  (Doc. #109).  As a threshold matter it is necessary to address the scope of the objections as filed.  At page 69 of the Order and Recommendation by the magistrate judge, the parties were directed to Rule 59, *Federal Rules of Criminal Procedure*.  The Order and Recommendation noted that Rule 59 required that

> Within ten days after being served with a copy of the recommended disposition ... a party may serve and file specific written objections to the proposed findings and recommendations.  Failure to object in accordance with this rule waives a party's right to review.  (First underscoring added, second underscoring in the original).
>
> Rule 59(b)(2).  "The waiver provision adopted in 2005 ... is intended to establish the requirements for objecting in a district court to preserve for appellate review a magistrate judge's decisions." *United States v. Candelo*, 292 Fed. Appx. 782, 2008 WL 4133939 (11th Cir. 2008); *United States v. Shultz*, 565 F.3d 1353 (11th Cir. 2009); see generally *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

(Order and Recommendation, doc. #108 at p.69).

A careful review of the text of the objections reflects that as tendered they relate exclusively to the magistrate judge's rulings with respect to bills of particulars (e.g., docs. #52, #91, #61, and #59), *Brady* and discovery motions (docs. #41, #81, #88, #90, #42, and #43), failure of the magistrate judge to rule with respect to Larry P. Langford's Motion to Strike Paragraph 2B of Count Six (doc. #62) and the motion for an *ex parte* hearing (doc. #104). (Doc. #109). At the conclusion of the "objections," however, the defendants write that

> WHEREFORE, the defendants appeal from and object to as appropriate the *Order and Recommendations* in so far as it denies or recommends the denial of the following motions, identified by docket number: 37, 39, 41, 42, 48, 52, 57, 59, 60, 61, 69, 86, 87, 88, 90, 91 and 104.

(Doc. #109, p.14).

To the extent this list of motions constitutes general "objections" and the defendants seek to preserve the right to appeal the recommended disposition of documents 37, 39, 47, 48, 49, 57 and 69, the defendants have unquestionably failed to satisfy the requirements of controlling Eleventh Circuit law. First, the objections to the recommended disposition fail as a matter of law. After a magistrate judge has issued a report and recommendation under 636(b)(1)(B), a party that wishes to preserve "... its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Shultz*, 565 F.3d at 1361 (emphasis added). In *Shultz* the Eleventh Circuit wrote that

> In *Nettles v. Wainwright*, 677 F.2d 404, 409-10 (5th Cir. Unit B 1982) the predecessor circuit to the Eleventh Circuit stated
>
> > It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider. This rule facilitates the opportunity for the district judges to spend more time on matters actually

2

> contested and produces a result compatible with the purposes
> of the Magistrates Act.  (emphasis added).

*Shultz*, *id.*[1]

In *Shultz* the Eleventh Circuit noted that in *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988), the court had reaffirmed the requirement that objections must be clear and precise and "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  *Marsden,* 847 F.2d at 1548.  The "objections" to the recommended disposition of the motions identified as documents 37, 39, 47, 48, 49, 57, 60, and 69 simply do not meet the mandatory specificity requirement.  Likewise the express ruling of the magistrate judge made in accord with the provisions of Rule 59(b) do not identify what portion of the order is said to be "... contrary to law or clearly erroneous."  (Rule 59(a)).  For that reason, the general "objection" to the denial of motions set out as documents 66, 64, and 87 does not comport with the requirements of Rule 59.  The objections to the Order and Recommendation as to documents 37, 39, 47, 48, 49, 57, 69, 66, 84 and 87 are insufficient as a matter of law.  An appellate court is without jurisdiction to consider rulings of the magistrate judge when the party challenging such a ruling "deprives the trial judge of his ability to effectively review the magistrate's holding." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).

<u>THE OBJECTIONS</u>

<u>Elements v. Evidence Argument</u> (objection 1)

The magistrate judge ruled or recommended a disposition of each motion filed by a defendant identifying the pleading by number in the July 2 order.  Without reference to any specific order or

---

[1] In *Shultz* the Eleventh Circuit observed that all Unit B decisions were binding on the Eleventh Circuit.  See *Stein v. Reynolds Securities Co., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

3

recommendation to which objection is made, the defendants generally contend that the magistrate judge "[... ignor[ed]] the principle that a <u>defendant's</u> later actions are probative of his earlier intent...."  (Doc. #109, p.2, emphasis added).   Although the objections are organizationally challenging, it seems that the defendants object to the magistrate judge's rulings concerning motions for bill of particulars, as well as the disclosure of *Brady* and Rule 16 material.  The defendants cite footnote 22 of the Order and Recommendation as an example of the magistrate judge's failure to consider the question of a defendant's post agreement conduct.  The argument both misconstrues the footnote and ignores the principles of law which were at issue.  In the Magistrate Judge's order the text which preceded footnote 22 addressed defendant's motion to require the government to "identify a *quid pro quo*" under § 666.  (Doc. #59).  The magistrate judge considered whether the government is required to link a discrete bribe payment to a particular bond transaction.  The law is unequivocal that the government has no such obligation.  In the *quid pro quo* context the magistrate judge observed that "the issue is whether Blount's money was intended to induce Langford to use the influence afforded by his public position to Blount's benefit whether he actually did so or not."  The footnote to that sentence reads

> For that reason it is irrelevant whether Langford would have recommended Blount's firm receive work whether or not he was bribed.  It is also irrelevant whether Blount did a good job or bad job in performing the work.  It is irrelevant whether the loans made by Jefferson County were influenced by other forces, or were good loans or bad loans.  The § 666 allegations as well as the underlying mail and wire fraud allegations clearly establish the elements of the charged offense.  According to the indictment, Langford agreed to use his influence on Blount's behalf because of Blount's payments to and for him.

(Doc. #108, p.43).

4

The magistrate judge ruled on the question as it was presented by the defendants.  Is a bill of particulars required to identify a specific *quid pro quo* in an action brought under 18 U.S.C. § 666 and/or the wire and mail fraud statutes?

The magistrate judge did not rule nor was he asked to rule on the question of whether evidence of a defendant's own conduct whether pre or post conspiratorial agreement was "relevant." The magistrate judge simply pointed out that the law is clear that whether or not Blount's firm was qualified to do the work was not relevant.  It was therefore irrelevant whether Blount's firm performed well or badly and, equally irrelevant, whether forces other than Langford's influence existed which might have contributed to inducing Jefferson County to hire Blount.  In the context of the order, the magistrate judge simply addressed the motion for a bill of particulars in the context the defendant raised the issue.

While the defendants do not specifically refer to their *Brady* motions under this general heading, the law is equally clear that the magistrate judge's *Brady* ruling was correct.  In the *Brady* context the magistrate judge observed the defendants acknowledged that they have had access to all the documents available to the United States's prosecution team.  The magistrate judge held that if the defendants had reviewed documents in the possession of the government, the information had not been suppressed and no *Brady* claim follows.  That observation is equally true as to evidence the government may have provided  which relates to the post agreement conduct of the defendants.  The magistrate judge was called upon to decide the relatively simply matter of the government's obligation under *Brady* in light of the specificity requirements imposed by the law.  The magistrate judge was not called upon and did not decide the evidentiary relevance of any material.

Allegations of the Indictment (objection 2)

The defendants argue that the magistrate judge ignored the terms of the indictment because the alleged overt acts outlined in the conspiracy count refer to 36 transactions related to the bonds. According to the defendants, "the question is, were the acts [the transactions?] committed in furtherance of some conspiratorial agreement, or were they undertaken for reasons that had nothing to do with any conspiracy or any gift giving?..." (Doc. #109, p.4).  Contrary to the objections, the magistrate judge clearly did not ignore the allegations of the indictment as the overt acts to which the defendants make reference were specifically referred to in the order.  While the actual basis for the objection is not readily apparently, it would seem that the defendants contend that certain overt acts alleged in the indictment impose upon the government an enhanced burden to prove the act itself was exclusively the product of a criminal conspiracy.[2]  The defendants cite no authority for this assertion.  Nor is this the issue raised before the magistrate judge.  Moreover, the motion is premised upon an invalid legal conclusion.  The defendants contend that the overt acts related to the payments made to Blount alter the evidentiary burden borne by the government.  That simply is not so.  In any conspiracy case, the government is merely required to prove "an" overt act, not every overt act alleged in the indictment.  See *United States v. Ellington*, 348 F.3d 984, 989 (11th Cir. 2003).  In this case, the government may have assumed a burden to demonstrate that in addition to agreeing to be bribed, Langford took some affirmative steps intended to cause that fees be paid to Blount.  Such an obligation is, however, clearly distinguishable from assuming an obligation to prove no other factor

---

[2]   "... certainly mere recitation of otherwise innocent acts in an indictment does not ... [   ] ... convert the omission of such acts outside and apart from the conspiracy to crimes.  If two persons go to a mall planning to rob a bank that does not cause everyone else who goes to a mall to shop to become criminally culpable."  *United States v. Ahmed*, 2008 WL 5095976 (N.D. Ohio 2008).

came to bear on whether Blount received fees.  The burden assumed by the government is establishing that Langford used his influence to obtain fees for Blount.  The conduct of third parties is immaterial.  The defendants have ignored the context in which the magistrate judge's orders were entered.  The defendants contend that evidence that Langford instructed others to ensure the transactions were in the best interests of the County is circumstantial evidence bearing on his own knowledge and intent at the time of the alleged crime. That may or may not be so as a matter of evidence. That was not what the defendants asked the Magistrate Judge to decide.  The issue was presented  in the context of Rule 16 and *Brady*.  The only question was whether the  government was required under Rule 16 or *Brady* to produce such material because it was readily apparent that it was material or whether a bill of particulars was required to augment the indictment.  Neither is required.  The ruling were in accord with controlling authority.

<u>The Government's Obligations (objection 3)</u>

The defendants contend that the magistrate judge improperly burdened the defendants with the obligation of identifying what is "relevant" for the purposes of *Brady*.  The defendants again fail to identify any ruling of the magistrate judge or recommendation of the magistrate judge that was erroneous.  The only authorities cited by the defendants stand for the proposition that the government has a due process obligation to produce certain categories of information without specificity.  That is precisely what the magistrate judge ruled.  When information, in the possession of the government and not the defendant is on its face exculpatory, useful for impeachment or clearly material to a defense of which the government is or should be aware, disclosure is required with only a general request from the defendant.  However, *United States v. Jordan,* 316 F.3d 1215 (11th Cir. 2003), and related authority makes clear that when evidence is not on its face exculpatory, useful for

impeachment, or relevant to the defense and material to the outcome, the defendant does bear the obligation of identifying with specificity the material he seeks.[3]   The rule applies with equal force to Rule 16 requests. "An item in the first category [material to the defense] need not be disclosed unless the defendant demonstrates that it is material to the preparation of his defense. A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense." *Jordan* 316 F.3d at 1251.  This is particularly true when, as here,  the government has afforded the defendants the opportunity to review the very information they seek.[4]

   <u>Failure to Rule on Larry P. Langford's Motion to Strike Paragraph 2B of Count Six (doc. #62)</u>

   Defendants are correct that the magistrate judge failed to rule on the Motion to Strike Paragraph 2B of Count Six.  This motion has been briefed by Defendant, Larry P. Langford, as well as the government and this court will now rule on it.

   The gist of Defendant Langford's argument is that the government cannot charge him with both the conspiracy offense found in Count Six and the underlying substantive offenses.  In support of this position, Defendant Langford cites this Court to Wharton's Rule as explained by the Supreme Court.  *Iannelli v. United States*, 420 U.S. 770 (1975).

---

[3]   "Additionally, we observe that a general request for "all" *Brady* material, like the one by Jordan in this case, does not help the prosecutor determine which information in the government's possession might constitute *Brady* evidence. Combined with the fact that "the significance of an item of evidence can seldom be predicted accurately until the entire record is complete," *Agurs*, 427 U.S. at 108, 96 S.Ct. at 2399, a general request for all *Brady* evidence places an onerous, if not impossible, burden on the prosecutor to identify correctly all "material" items." *Jordan*, *id.*

[4]   "In the view of Jordan's attorney, William Clark, it was the Government's responsibility, not his, to identify the portions of the grand jury transcripts and summaries of interviews that constituted *Brady / Giglio* material." *Jordan* at 1227 The Eleventh Circuit rejected counsel's position.

"Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes.  Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act."  *Id*. at 777.  "Wharton's rule is applicable only when more than one party is necessary to perform the basic crime. It prevents prosecution for conspiracy only where the proscribed type of conduct cannot take place without such concert of action."  U.S. v. Pacheco, 489 F.2d 554, 559 (11th Cir.1974).  Wharton's Rule is simply not applicable in this case.

Larry P. Langford's Motion to Strike Paragraph 2B of Count Six (doc. #62) is Denied.

Other Matters Raised

In addition to objections to the magistrate judge's order, the defendants reanimate a claim that an additional 500 gigabytes of information was provided by the government and in some fashion that disclosure burdened the defendants.  The objection borders on the frivolous.  After review of pleading related to the May 28, 2009 disclosure, it is clear that the defendants specifically requested this information even after being told it was irrelevant.

The defendants' objection to the Orders and Recommendations of the magistrate judge, to the extent that they can be comprehended, are without merit.  The objections are OVERRULED in their entirety and the orders of the magistrate judge are AFFIRMED and the recommendations of the magistrate judge are ADOPTED as the order of this court.

Done this 28th day of July 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE