UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 7:08-CR-245-LSC-PWG |
| ) | |
| LARRY P. LANGFORD, ) | |
| ) | |
| Defendant. ) | |

<u>Memorandum of Opinion and Order</u>

I.   Introduction.

On October 28, 2009, Defendant Larry Langford was found guilty of the following: twenty-nine counts of bribery under 18 U.S.C. § 666(a)(1)(B); four counts of money laundering under 18 U.S.C. § 1957; one count of conspiracy under 18 U.S.C. § 371; five counts of mail fraud under 18 U.S.C. §§ 1341, 1346, and 2; eighteen counts of wire fraud under 18 U.S.C. §§ 1343, 1346, and 2; and three counts of filing a false tax return under 18 U.S.C. § 7206(1).  Defendant filed a Motion for New Trial and Renewed Motion for Judgment of Acquittal.  (Doc. 179).  The motion was denied on January 19,

2010. (Doc. 198). Defendant was sentenced on March 5, 2010, to "90 months as to counts 1, 3, 4, 5, 7, and 9, separately, with each count to run concurrently with the others and to run consecutively to Counts 10 through 36; 90 months as to Counts 10 through 36, separately, with each count to run concurrently with the others to run consecutively to Counts 1, 3, 4, 5, 7, and 9; 60 months as to Count 6, to run concurrently with all other counts; 180 months as to Counts 64 through 86, separately, with each count to run concurrently with all other counts; and 36 months as to Counts 87 through 89, separately, with each count to run concurrently with all other counts." (Doc. 227 at 2.) Defendant was also ordered to pay restitution in the amount of $119,985.00. *Id*. at 6. Finally, Defendant was ordered to forfeit $241,843.65 to the United States. *Id*. Subsequently thereto, Defendant filed his Notice of Appeal (Doc. 228), and on March 23, 2010, a Motion for Bail Pending Appeal (Doc. 233). Defendant then filed a Supplement to Motion for Bail Pending Appeal (Doc. 234). The Government has filed an objection to Defendant's Motion for Bail Pending Appeal (Doc. 236) and Defendant filed a Reply to Government's Response (Doc. 237).

II.   Discussion.

18 U.S.C. § 3143(b)(1) states that, except as provided in paragraph (2), which is inapplicable here[1], a judicial officer shall order that a person found guilty of an offense and sentenced to a term of imprisonment who has filed a notice of appeal, *shall* be detained unless the judicial officer finds:

> (**A**) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under sections 3142(b) or (c) of this title; and
> (**B**) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in---
>> (**i**) reversal,
>> (**ii**) an order for a new trial,
>> (**iii**) a sentence that does not include a term of imprisonment, or
>> (**iv**) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added).

There is no claim by the Government that the defendant is likely to flee or pose a danger to the community if released. Therefore, subsection

---

[1] This paragraph applies, in general, to persons convicted of drug offenses, terrorism offenses, and crimes carrying maximum sentences of life imprisonment or death.

(A) of § 3143(b) has been satisfied.

However, Langford must also demonstrate that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985). A substantial question is "one of more substance than would be necessary to a finding that was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Fernandez*, 905 F.2d 350, 354 (11th Cir. 1990) (quoting *Giancola*, 754 F.2d at 901). For reasons described herein, Langford has failed to demonstrate that his appeal raises a substantial question of law and fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

    A.    Grounds Asserted by Defendant.

        1.    Grounds Previously Addressed by Defendant and this Court.

Defendant contends that the following grounds, each of which was previously addressed by Defendant's Motion for New Trial or Judgment of Acquittal (Doc. 179) and the Court's Memorandum Opinion and Order (Doc. 198), will raise a substantial question on appeal that will require a reversal or a new trial:

1) Defendant contends that evidence of Defendant's credit card at NBC Bank should have been excluded because it was "admitted through a person who was designated 'custodian of records,' but in fact was not." (Doc. 233 at 7)  (Discussed by this Court in Doc. 198 at 11-12.);

2) Defendant claims he was denied the opportunity to introduce evidence as to Defendant's generosity that should have been included. (Doc. 233 at 8)  (Discussed by this Court in Doc. 198 at 3-5.);

3) Defendant claims there was no evidence of, nor were there any, "false or fraudulent pretenses, representations, or promises" with respect to the property and honest services branches of the fraud counts. (Doc. 233 at 9-10) (Discussed by this Court in Doc. 198 at 5-7.);

4) Defendant contends that, while "the government relied on the so-called 'side letters' to satisfy the 'false or fraudulent pretenses,

representations, or promises,' element," the side letters were not "false or fraudulent pretenses, representations or promises" by anyone, nor did Defendant do anything to conceal them. (Doc. 233 at 10) (Discussed by this Court in Doc. 198 at 6-7);

      5) Defendant claims the ethics reports "should not have been admitted, and should not have been characterized as false." (Doc. 233 at 10.) (Discussed by this Court in Doc. 198 at 7-8, n.3);

      6) With respect to the "corruptly" element of 18 U.S.C. § 666, Defendant claims the term was "incorrectly defined for the jury, and that the related jury charges were incorrect and/or incomplete." (Doc. 233 at 11) (Discussed by this Court in Doc. 198 at 8-9);

      7) "[A] conspiracy between an alleged bribe taker and bribe receiver is legally impossible." (Doc. 233 at 11) (Discussed by this Court in Doc. 198 at 9); and,

      8) The jury charge as to the tax counts was incorrect. (Doc. 233 at 11) (Discussed by this Court in Doc. 198 at 14-16).

All of the above arguments were presented in Defendant's Motion for New Trial and Renewed Motion for Judgment of Acquittal (Doc. 179). The

Court considered the arguments as well as the Government's response. As the Court's discussion and conclusion of each of the above arguments can be found in its' Memorandum of Opinion and Order as to Defendant's Motion for a New Trial and Renewed Motion for Judgment of Acquittal (Doc. 198), this Court will not restate those conclusions. The Court finds said arguments to be without merit. Defendant's argument of these grounds in his Motion for Bail Pending Appeal does not raise a substantial question of law or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See Giancola*, 754 F.2d 898, 900-01.

    2.    New Grounds Addressed by Defendant.

        a.    Intent.

According to Defendant, "[i]ntent was the key issue in the trial. Errors in the admission or exclusion of evidence probative of intent are 'substantial questions of law and fact likely to result in reversal'." (Doc. 233 at 3.) Based on that argument, Defendant contends there was certain evidence bearing on intent that should have been excluded and other evidence that

should have been admitted. *Id*. Evidence of Defendant's credit card at NBC Bank and of Defendant's generosity have already been addressed.[2] However, Defendant further contends that evidence of gambling, admitted through his tax returns, was inadmissible. (Doc. 233 at 5-7.)

Defendant states that the Government, in the middle of the trial, introduced evidence through Defendant's tax returns that Defendant made large amounts of money playing bingo/slot machines at casinos. (Doc. 233 at 5.) Defendant goes on to claim that the Government "deliberately emphasized evidence of a relationship between the defendant and Milton McGregor, the well known and controversial owner of the largest casinos in Alabama. The government did this in connection with, arguably, the most significant evidence in their case, the loans." *Id*. Defendant contends the admission of the evidence of Defendant's gambling violated Federal Rules of Evidence Rules 401 and 403. *Id*. at 5-6.

Defendant claims Rule 401 was violated because the Government conceded the gambling income was not part of their tax theory. (Doc. 233 at 5.) Defendant further alleges that admission of evidence of Defendant's

---

[2]*See supra* p. 5.

gambling was in violation of Rule 403 because the danger of unfair prejudice exists in that "it was other act evidence that not only prejudiced the jury against the defendant generally, but improperly bore on the defendant's intent." (Doc. 233 at 6.) However, what Defendant fails to note is that Defendant was charged with filing false tax returns. Thus, the tax returns were relevant. Further, no mention of gambling income was made during the trial, and, while Milton McGregor's name was mentioned during the trial, it was not connected with Defendant's gambling. As the Government points out, Milton McGregor's name was found in the records of Colonial Bank, which named him as a possible guarantor for one of Defendant's "loans." There is nothing to indicate that the admission of evidence of Defendant's gambling raises a substantial question of law or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See Giancola*, 754 F.2d 898, 900-01.

   b. Document Dump.

Defendant contends that a substantial question is raised in that "the

mass of material provided in discovery, commonly known as a 'document dump,' was so enormous that it deprived the defendant of the ability to effectively conduct discovery." (Doc. 233 at 10.) On several occasions during the pre-trial period, the Court discussed with the parties the vast number of documents involved in this case and addressed Defendant's concerns over the large quantity of documents. Additionally, the Government provided Defendant with an index of the materials turned over to Defendant. There is nothing to indicate to this Court that, as to a document dump, Defendant has raised a substantial question of law or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See Giancola*, 754 F.2d 898, 900-01.

        c.    Change of Venue.

Defendant next claims that there should have been a change of venue and, because there was not, a substantial question exists. (Doc. 233 at 11.) This argument was presented in Defendant's Motion for New Trial and Renewed Motion for Judgment of Acquittal (Doc. 179) and subsequently

rejected by this Court (Doc. 198 at 17-18).

However, in Defendant's Motion for Bail Pending Appeal, he further alleges that "at the beginning of jury selection at least one of the jurors failed to disclose information about the fact that the juror's co-workers had told her that they hoped the defendant would be found guilty." (Doc. 233 at 11.) Defendant claims this information was later drawn out of the juror and that it is "unknown how many others had similar experiences but never disclosed them." *Id*. Defendant is not specific as to which juror withheld the information, nor is he specific as to when this information was drawn out. During voir dire, the Court individually questioned several members of the jury venire panel, and that is when the prospective jurors related the information to the Court and the parties. This information was related to the parties prior to their selection of the jury that tried this case. The jury venire panel appeared to be honest and forthright about their feelings and experiences. To make Defendant's leap of logic, you would have to believe that their failure to admit to having biases against Defendant showed that they actually had bias and hidden information. This Court does not make that leap. There is no substantial question presented by Defendant of law

or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  *Giancola*, 754 F.2d 898, 900-01.

            d.    Impeaching Information Regarding the Witness Danforah.

Finally, Defendant claims that impeaching information regarding the witness Danforah should have been admitted.  (Doc. 234 at 1.)  Defendant argues "[t]he benefits connected to him were a large part of the total benefits, and the defendant contended that he did not receive as much as the witness indicated, making the witness's credibility an important factor in the case."  *Id*.  The same argument was made by Defendant at trial.  At that time, the Court considered the argument and made a ruling on the record that the information would not be admitted.  This Court believes the ruling at trial was correct, finds Defendant's argument to be without merit, and finds that Defendant has not raised a substantial question of law or fact likely to result in reversal, a new trial, a reduced sentence that does not include imprisonment, or a reduced term of imprisonment less than the total

of the time already served plus the expected duration of the appeal process. *Giancola*, 754 F.2d 898, 900-01.

      e.  Cumulative Error Doctrine.

Defendant states at the conclusion of both the Motion for Bail Pending Appeal and the Supplement to Motion for Bail Pending Appeal that "the cumulative error doctrine applies to all the arguments to be raised on appeal." (Doc. 233 at 11 & Doc. 234 at 1.)  The cumulative error doctrine states:

> The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e. plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal.  The harmlessness of cumulative error is determined by conducting the same inquiry as for individual error – courts look to see whether the defendant's substantial rights were affected.  However, the cumulative prejudicial effect of many errors may be greater than the sum of the prejudice caused by each individual error.  The total effect of the errors on the trial will depend, among other things, on the nature and number of the errors committed, their interrelationship, if any, and combined effect; how the district court dealt with the errors as they arose (including the efficacy – or lack of efficacy – of any remedial results); the strength of the government's case, and the length of trial.

*United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005) (internal quotation marks and citations omitted). The Court found all of Defendant's individual arguments to be without merit. It further finds Defendant did not demonstrate that his "substantial rights were affected" and Defendant's claim of cumulative error is without merit.

B.   Other Basis for Release Pending Appeal.

The only other basis for release pending appeal is found in 18 U.S.C. § 3145(c) which provides, in pertinent part, as follows:

> . . . A person subject to detention pursuant to 3143(a)(2) or (b)(2), and who meets the conditions for release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Defendant has not clearly demonstrated that there are any exceptional reasons why his detention would not be appropriate.

III.     Conclusion.

This Court concludes that Defendant has failed to carry his burden as required by 18 U.S.C. § 3143(b) to establish his eligibility for release on bond pending appeal.  Therefore, Defendant's Motion for Bail Pending Appeal is **Denied.**

Done this 31st day of March 2010.

                                                                                      L. SCOTT COOGLER  
                                             UNITED STATES DISTRICT JUDGE

153671